IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY BRADLEY                                                              PLAINTIFF

vs.                                     Civil No. 05-4032

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

Cody Bradley (hereinafter "Plaintiff"), has appealed the final decision of the

Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his

claim for disability insurance benefits, (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of

Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*, and for

supplemental security income (hereinafter "SSI") benefits, pursuant to *§ 1602* of Title XVI*, 42

U.S.C. § 1381a*.  In this judicial review, the Court must determine whether there is substantial

evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. §

405(g)*.

Both parties have filed appeal briefs (Doc. #7 & 8).  The history of the administrative

proceedings is contained in the respective appeal briefs and will not be recounted herein,  except

as is necessary.

Plaintiff alleges that he is disabled due to:    seizure disorder; loss of concentration; back

pain; leg pain; fatigue; hypertension; headaches; pain; memory loss; post traumatic head injury

(victim of a crime); and, poor to blurry vision with eye pain, redness and excessive watering.

The issue before this Court is whether the decision of the Commissioner is supported by

substantial record evidence.  The Plaintiff asserts that the Administrative Law Judge (hereinafter

"ALJ"), erred in rendering a decision finding Plaintiff not disabled. (Doc. #1 &7).

The Plaintiff's administrative hearing was conducted on July 9, 2004 (T. 176-199). The ALJ issued his final written decision denying Plaintiff's applications for benefits on October 29, 2004 (T. 11-17). Plaintiff then sought review by the Appeals Council (T. 6). The Appeals Council denied Plaintiff's request for review on April 1, 2005 (T. 3-5).

From this adverse decision, the Plaintiff appeals (Doc. #1, ). This matter is before the undersigned by consent of the parties (Doc. #4).

**Relevant Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.; Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).*

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

-2-

AO72A
(Rev. 8/82)

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b).* If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d).* If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e).* If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f).* If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a).*

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d).* Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e).*

AO72A
(Rev. 8/82)

**Discussion:**

The ALJ erred in criticizing Plaintiff lack of treatment, without addressing the Plaintiff's alleged lack of financial resources with which to obtain treatment. It is well established, and the ALJ found, that Plaintiff did not engage in substantial gainful activity after his alleged onset date (T. 16). Throughout the record, there are several references to, and examples of, his lack of financial resources ( T. 188, 197, 150, 189, 149, 150). However, the issue of how the alleged lack of financial resources may, or may not have interfered with Plaintiff's ability to obtain medical treatment is not addressed in the ALJ's decision. This issue is significant in light of the ALJ's assessment of Plaintiff's treatment frequency and medication habits (T. 15).

Although it is for the ALJ in the first instance to determine a plaintiff's motivation for failing to follow prescribed treatment or seek medical attention, a failure to seek medical attention or follow a prescribed course of medication or treatment may be excused by a claimant's lack of funds. *Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir. 1984); Jackson v. Bowen, 866 F. 2d 274, 275 (8th Cir. 1989).* "Although it is permissible in assessing the severity of pain for an ALJ to consider a claimant's medical treatment and medications, the ALJ must consider a claimant's allegation that he has not sought medical treatment or used medications because of a lack of finances." *Dover v. Bowen, 784 F.2d 335, 337 (8th Cir. 1986), citing Tome at 714.* Economic justifications for lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan, 953 F.2d 383, 386 (8th Cir.1992).*

It is not clear from the record, however, whether the ALJ considered Plaintiff's alleged lack of financial resources when denying benefits. The undersigned can only deduce from the lack of any discussion or analysis of the allegation of the lack of financial resources within the

-4-

ALJ's decision, that the ALJ failed to consider same. If he did consider the allegation, there is no explanation or discussion of the ALJ's analysis thereof. This is error. "We note that before a claimant is denied benefits because of a failure to follow a prescribed course of treatment [or to seek treatment] an inquiry must be conducted into the circumstances surrounding the failure..." *Burnside v. Apfel, 223 F.3d 840, 843-844 (8th Cir. 2000); 20 C.F.R. §§ 404.1530(a), 416.930(a); see also, 20 C.F.R. §§ 404.1530(a), 416.930(a); Roth v. Shalala, 45 F.3d 279, 282-83 (8th Cir.1995); Kirby v. Sullivan, 923 F.2d 1323, 1328 n. 2 (8th Cir.1991).*

Various portions of the record support Plaintiff's assertion that he cannot afford to obtain medical treatment or prescription medication. With no home of his own, Plaintiff testified that he lives with his nephew (T. 189, 149). On occasion, Plaintiff's nephew gives the Plaintiff money (T. 150). Plaintiff's nephew does not charge Plaintiff rent to live with him (T. 189). Additionally, Plaintiff receives food stamps with which he obtains his food (T. 189, 149). Plaintiff also testified that he does not take his hypertension medication because "I can't afford it..."(T. 188). Plaintiff's sister testified that although she knows that Plaintiff needs glasses to correct his vision problems, he cannot afford to get any glasses (T. 197).

The undersigned notes that on October 21, 2002, the Commissioner, or her designees, arranged for Plaintiff to undergo a general physical consultative examination by Dr. Bradley Harbin (T. 143-147). Additionally, the Commissioner, or her designees, arranged for Plaintiff to undergo a psychological consultative examination by Donna Schuyler, Ph.D. and C. Yatres Morgan, Ph.D. on October 24, 2002 (T. 148-150). Dr. Harbin diagnoses Plaintiff with: 1) hyperreflexia, probable acute abstinence syndrome; 2) seizures by history; 3) subjective low back pain; 4) mild malnutrition; and, 5) hypertension, mild, uncontrolled (T. 147). The

AO72A
(Rev. 8/82)

psychologists at C. Yates Morgan, Ph.D. & Associates, did not observe any evidence of malingering on Plaintiff's part (T. 148-150).

Here, there is significant documentation in the record as to Plaintiff's allegedly inadequate financial situation. Clearly, the ALJ erred in failing to address the lack of financial resources, especially in that he relied on the nonexistence of Plaintiff's mental health treatment, the infrequency of Plaintiff's physical medical treatment and his failure to take medication, to the detriment of the Plaintiff (T. 13-15). This, too, is error.

Clearly, the ALJ has failed provide appropriate analysis. Therefore, this case must be remanded. Further, the parties are each reminded of their duty to fully and fairly develop the record. Any missing medical records should be obtained and included in the administrative record upon remand.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis upon remand. Nonetheless, proper analysis must occur. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).*

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for proceedings consistent with this opinion.

ENTERED this 2nd day of June, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)